# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 24, 1926.

PETER MACH, ADMINISTRATOR
OF JOZEFA MACH,
VS.
FRANK BARANOWSKI, ET AL.

*Louis Mitnick* for complainant.
*Curran & Leach* and *Paul M. Higinbothom* for defendants.

**FRANK, J.—**

1. I find that after the execution of the separation agreement of June 11th, 1919, Peter and Jozefa Mach resumed their marital relations, cohabited and lived together as man and wife, though with numerous interruptions due to the desertion of Peter, up to the time of Jozefa's death in 1925. By the separation agreement Mach released and waived all further interest in his wife's estate and property, in consideration of the payment to him of eight hundred dollars. This sum I find to have been actually paid to him by his wife and I cannot credit his unsupported statement that he returned all of it to her.

As a general rule, a contract of separation is deemed to be annulled, avoided and rescinded *as to the future or as to executory provisions* by a reconciliation and resumption of the marital relation. The better view is, however, that reconciliation and the resumption of marital relations are merely some evidence of the intention to renounce the separation agreement and that this intention must be affirmatively found.

30 C. J. 1065 and 1066, Sec. 847; Dennis vs. Perkins, 88 Kan. 428.

Where the instrument is not merely a separation agreement but a conveyance *in praesenti* such a conveyance may be unaffected by the subsequent cohabitation of husband and wife.

30 C. J. 1066 and cases in note 60; Note 43 L. R. A. (ns.) at p. 1220, p. 1224, &c.

If the agreement amounts not merely to a provision for the living apart of the parties and the separate maintenance of one of the spouses (usually the wife) but goes further and is a post-nuptial or separation settlement, it is not terminated, as a matter of law, by the coming together of the parties.

43 L. R. A. (ns.), p. 1220.

Mr. Mach received $800 as a consideration for his releasing and waiving all further interest in his wife's estate and property. His release and waiver amounted to a conveyance *in praesenti* of his marital rights in her property and constituted a post-nuptial settlement upon him. I hold that when his wife, on March 9, 1921, assigned the leasehold property involved in this litigation to a third party who immediately re-assigned the same to her for life with remainder to her three children, defendants herein, she was dealing with her own property in which the plaintiff, her husband, had no longer any marital rights of any kind.

This disposition, therefore, was not in fraud of him and he cannot complain thereof. Moreover, I find that he had full knowledge of this transaction and acquiesced therein.

I shall sign a decree dismissing the bill of complaint.